No. 475

CHANNER et v. STATE

Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 2913-14-and 15.   Decided Mar. 1, 1926

454. EMBEZZLEMENT—1. Unless defendants were acting as agents, they could not, in an indictment under 12467 GC., be convicted of embezzlement.

2. Where defense is raised that certain stocks were held by defendants as pledgees to secure a loan of money made by said defendants; and that no agency existed in regard to said stocks, it is incumbent upon the state to prove that such agency existed beyond a reasonable doubt.

BUCHWALTER, P. J.

Herbert Channer, George Sawyer and Fred McLaughlin were defendants in the Hamilton Common Pleas under a charge of embezzlement, the indictment setting forth that they "did unlawfully and fraudulently embezzle and convert to their own use, without assent of Virginia Guilfoyle, their said employer - - - personal property, (100 shares of stock) - - - - against the peace and dignity of the State of Ohio."

Defendants were tried and found guilty under the indictment and three separate proceedings in error were instituted in the Court of Appeals. It was conceded that the defendants must have been proven, beyond a reasonable doubt, to have been the agents of Virginia Guilfoyle, and that they embezzled or converted to their own use something of value which came into their possession by virtue of their employment as such agents.

The trial court instructed the jury that "the relation existing between a stock broker and customer is that of principal and agent," and that if "Guilfoyle gave to defendants authority, without limitation, to use her stock as collateral, then they had the legal right to pledge her stock and borrow on it in an amount in excess of her indebtedness to them; but if no authority was given they could only pledge said stock for an amount equal to that for which Guilfoyle was indebted to them." The Court of Appeals held:

1. The Court refused the introduction of evidence that Guilfoyle had signed such authorization; and under the charge the jurors were practically instructed that defendants were acting as agents; and that any use of the stock except to repledge for amount due thereon, without special authorization, constituted embezzlement.

2. The jury could not find otherwise than that the defendants were agents.

3. Unless the defendants were acting as agents, they could not, under this indictment, be convicted of embezzlement.

4. The defense in this case was that the stock in question was held by defendants as pledgees to secure a loan made by them; and that they were at no time the agents of Guilfoyle in reference to said stock.

5. It was therefore incumbent upon the State to prove, beyond a reasonable doubt, that such agency existed.

6. The court refused to allow one Merz to testify as to a certain authorization slip, claimed to have been signed by Guilfoyle, because he had been in the court room on several occasions during the progress of the trial.

7. Merz had no knowledge that he was to be called as a witness, nor of the order of court excluding witness; and there being neither connivance or procurement on part of defendants, the court committed error in refusing Merz the right to testify.

8. The State did not establish the fact of agency by the quantum of proof required in this case.

Judgment reversed.

Attorneys—Freiberg, Avery & Simmonds for Channer; Maxwell & Ramsey and Joseph W. Heintzman for Sawyer; Alfred B. Benedict for McLaughlin; Chas. S. Bell, Pros, Atty., Louis Schneider, Asst. Pros. Atty., for State; all of Cincinnati.